IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) Case No.:4:17-cv-00146-JMV |
| PF NORTHLAND VILLAGE, LLC | )<br>)<br>) |
| Defendant. | )<br>)<br>) |

___

**ORDER DENYING PLAINTIFF'S
MOTION FOR LEAVE TO AMEND COMPLAINT AND REQUEST FOR
JURISDICTIONAL DISCOVERY AND DISMISSING CASE FOR LACK OF SUBJECT
MATTER JURISDICTION**
___

This matter is before the court on Plaintiff's motion [13] for leave to amend its complaint to cure defects in jurisdictional allegations. As discussed below in more detail, because the filing of the proposed amended complaint would be futile insofar as its stated purpose is concerned, the motion will be DENIED, and the case will be dismissed.

In recognition of the inadequacy of the proposed amended complaint to cure the defects in the jurisdictional allegations at issue, Plaintiff requests in its reply to the opposition to its motion to amend that it be permitted to conduct discovery in order to establish a factual basis for diversity jurisdiction. That request is also DENIED for the reasons discussed below.

Plaintiff, a citizen of the District of Columbia, filed its original complaint in this court on October 17, 2017. It asserted, as relates to jurisdiction, the following:

> 1) Fannie Mae is a federally chartered corporation with its principal place of business in the District of Columbia.

> 2) Borrower (hereafter, "Defendant") is a Mississippi limited liability company that owns property located at 633 Lacey Street, Greenville, Washington County, Mississippi 38701, and maintains a principal office address of 1223 East 13th Street, Brooklyn, New York 11230.
>
> 3) Upon information and belief, neither the members of Borrower, nor the entities or individuals that are partners or members of the corporate parents of Borrower, are citizens of the District of Columbia.
>
> . . .
>
> 4) This Court has jurisdiction over this case pursuant to 28 U.S.C. 1332. There is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

Compl. at 1-2.

At the initial case management conference, the court raised the inadequacy of these factual assertions to support a basis for diversity jurisdiction; explained to the parties what is required to establish the citizenship of a limited liability company ("LLC") in the Fifth Circuit; and by way of the Case Management Order [8], required Plaintiff to, within fourteen days thereof, move to amend its original complaint to assert a factual basis for diversity jurisdiction. That deadline was subsequently extended to January 29, 2018.

On January 29, 2018, Plaintiff filed the instant motion for leave to amend the complaint. The proposed amended complaint alleges in relevant part:

> 1) Plaintiff, Fannie Mae, is a federally chartered corporation which has a principal place of business in the District of Columbia.
>
> 2) Fannie Mae is a citizen of the District of Columbia.
>
> 3) Defendant, PF Northland Village LLC, is a Mississippi limited liability company that owns real property located at 633 Lacey Street, Greenville, Washington County, Mississippi 38701, and maintains a principal office address of 1223 East 13th Street, Brooklyn, New York 11230.
>
> 4) Defendant is comprised of Pure CA Properties LLC (a New Jersey limited liability company); CA Miss One LLC (a Mississippi limited liability company); Eastview Schoolhouse Road Estates, LLC (a Mississippi limited liability

2

company); PD Greenbrier LLC (a Mississippi limited liability company); and Chaim Puretz (an individual resident and citizen of New York).

5) Neither the defendant nor any of its members are citizens of the District of Columbia.

. . .

6) This court has jurisdiction over this case pursuant to 28 U.S.C. 1332. There is complete diversity between the parties and the amount in controversy exceeds $75,000.00.

Exh. 1 to Mot. for Leave to File Am. Compl. at 1-2.

According to Plaintiff, the facts plead in the proposed amended complaint are the only facts it has concerning the members of the entities that comprise the Borrower. Specifically, even though Plaintiff asserts in the proposed amended complaint that none of the members of Borrower are residents of the District of Columbia, Plaintiff concedes it cannot identify the members that make up the entities that comprise Borrower—or their states of citizenship—because this information is not publically available.

*The Law*

Leave to amend may be denied when amendment would be futile. *Rosenblatt v. United Way of Greater Houston*, 607 F.3d 413, 419 (5th Cir. 2010), *citing Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend may be warranted for undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of a proposed amendment).

In the Fifth Circuit, the citizenship of an LLC is that of all of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, where an LLC has a member who is an LLC, the identity and citizenship of each member of that LLC must be disclosed, and so on until a complete chain of membership has been established.

Further, it is not sufficient to allege, generally, that such members are not citizens of a particular state. *See Harell v. Yokohoma Tire Corp.*, No.3:08-CV-565-HTW-LRA, 2011 WL 1812785, at *6 (S.D. Miss. May 4, 2011) ("[S]tatements, such as, 'defendants were and still are foreign insurers who do not have their principal place of business in' the states in question, [are] insufficient to plead citizenship for diversity purposes.") (citation omitted). *See also Getty Oil Corp., v. Ins. Co. of North America*, 841 F.2d 1254, 1258-59 (5th Cir. 1988) (holding that the allegation that an entity's "foreign insurers who do not have their principal place of business in the States of Texas, California, New York, or Delaware" and "is a citizen or subject of England" was insufficient).

*Analysis*

It is apparent on the face of the proposed amended complaint that it falls far short of asserting an adequate factual basis to establish diversity jurisdiction. Though the proposed amended complaint identifies several LLC's that comprise Defendant PF Northland Village LLC (the Borrower), it is devoid of any recitation of who the members of the various LLC's are and what their states of citizenship are. Consequently, the proposed amendment is utterly futile in achieving its asserted purpose of establishing a basis for diversity jurisdiction. Thus, allowing filing of the proposed amended complaint would be futile. The motion is, accordingly, DENIED.

As to Plaintiff's request for jurisdictional discovery, Plaintiff misapprehends its obligation when filing a suit in federal court based on diversity jurisdiction. It is obligated to plead facts on which the court can definitively find such jurisdiction. Where it wholly fails to do so, the federal court has *no jurisdiction* to hear the case or otherwise enter orders—excepting an order of dismissal for lack of jurisdiction. In the Fifth Circuit, while limited jurisdictional discovery might be ordered in some cases, these cases include those where there is a genuine

dispute over a fact alleged in support of federal jurisdiction–not where, as here, on the face of the pleading or proposed amended pleading, the facts pled are not sufficient to support federal jurisdiction. *See In re MPF Holdings U.S. LLC,* 701 F.3d 449, 457 (5th Cir. 2012) (Limited jurisdictional discovery "may be warranted if the issue of subject matter jurisdiction turns on a disputed fact."); *Totty v. Everbank*, No. 14-CV-10819, 2015 WL 13048813, at *2 (E.D. Mich. Feb. 23, 2015) ("While the court may authorize discovery in order to resolve subject-matter jurisdiction *disputes*, there is no such dispute here. . . Indeed, this is not a case where plaintiff has alleged that the defendant is a citizen of a particular State and the defendant has contested that allegation. Rather, [the plaintiff] has not even attempted to allege [defendants'] citizenships. Under these circumstances, [plaintiff] is not entitled to jurisdictional discovery.")

Further, while Plaintiff does assert in the instant case that the members of the Defendant are not citizens of the District of Columbia, Plaintiff's State of citizenship, that is merely a conclusory allegation that, under the applicable law cited above, is plainly insufficient to support diversity jurisdiction. Indeed, despite this conclusory assertion, Plaintiff concedes that it knows neither the identity of all the members of Defendant nor their states of citizenship.

In summary, this is not a case where Plaintiff has alleged that the identified members of the Defendant LLC are citizens of identified states–all of which are diverse from Plaintiff's state of citizenship–but the accuracy of those asserted facts is disputed. Under those circumstances, and/or where fraudulent joinder is an issue, jurisdictional discovery might be warranted. Instead, this is a case where Plaintiff had nothing more than the prospect that the Court would order discovery of Defendant's citizenship since, so far as the jurisdictional allegations of the complaint stand, the Court has *no* jurisdiction. Permitting a plaintiff to file suit in federal court without an asserted, good faith, factual basis on which to establish federal jurisdiction, but only with the

5

prospect that such plaintiff *might* later establish (via discovery) a factual basis on which to found federal jurisdiction, is to make a mockery of the doctrine of limited federal court jurisdiction.

Finally, the undersigned notes that while Plaintiff cites a 2015 decision of the Northern District which, according to Plaintiff, supports court-ordered discovery, Plaintiff apparently overlooked the July 6, 2016 Order of District Judge Michael Mills in *Neal et al v. Clarksdale HMA LLC et al.*, 4:16-cv-00020-MPM-JMV[1], a case on par with the instant one. There, the district judge adopted the report and recommendation of the undersigned on the issues, and for the reasons, addressed herein. Judge Mills wrote, "The Court agrees wholly with the Magistrate's conclusion that 'allowing a defendant–who removes a case and later seeks to establish grounds for that removal by way of discovery–to proceed would undermine the well-established body of law and procedures that are in place for invoking federal jurisdiction.'"[2]

*Conclusion*

For all the foregoing reasons, the motion to amend is DENIED as futile and the alternative request to conduct jurisdictional discovery is DENIED.

IT IS FURTHER ORDERED that this case is DISMISSED without prejudice for lack of subject matter jurisdiction, and the Clerk shall forthwith close the case.

**SO ORDERED** February 15, 2018.

/s/ Jane M. Virden
**UNITED STATES MAGISTRATE JUDGE**

---

[1] Doc. #28.
[2] Though the *Neal* order concerned a removal, and the instant case concerned a suit originally filed in federal court, the undersigns sees no discernible difference between the two in so far as the necessity of plainly establishing a factual bases for federal jurisdiction on the face of the initial pleading, whether a notice of removal or original complaint, in federal court.